```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION
```

| | | |
|---|---|---|
| ROBERTA DUPRE, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:10-CV-669-Y |
| | § | |
| JOE KEFFER, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

## ORDER ADOPTING
## MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Roberta Dupre under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1.  The pleadings and record;

2.  The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 6, 2011; and

3.  The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 25, 2011.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, that the Respondent's motion to dismiss must be granted, and the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions.[1]

---

[1] As determined by the magistrate judge, because Roberta Dupre was not convicted of any offenses involving the "honest services" doctrine, the decision of the Supreme Court in *Skilling v. United States,* 130 S.Ct. 2896 (2010) has no relevance and is not applicable. The magistrate judge also determined that the *Skilling* decision is not a retroactively-applicable decision for purposes of the first element in the test for determining whether a § 2241 petition may be filed consistent with the "savings clause" of § 2255. The respondent has now acknowledged to this Court that the *Skilling* decision **is** retroactive for such purposes. *See Edelman v. Keffer,* No.4:10-CV-531-Y (April 26, 2011, Response.) As the *Skilling* case is not applicable to Dupre's wire-fraud conviction, that *Skilling*'s being retroactive does not change the resolution of her § 2241 petition.

Dupre argues in her objections that although she was not expressly indicted for a scheme or artifice to defraud under a deprivation of "honest services"

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED, as modified.

Respondent Keffer's motion to dismiss (doc. 7) is GRANTED.

Roberta Dupre's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

SIGNED June 13, 2011.

                                               /s/ Terry R. Means
                                               TERRY R. MEANS
                                               UNITED STATES DISTRICT JUDGE

---

theory under 18 U.S.C. § 1346, because the wire fraud statute, 18 U.S.C. § 1343, under which she was convicted includes as a violation a "scheme or artifice to defraud," she was "held accountable for § 1346." Dupre is mistaken. As another district court recently explained:

> DeGuzman seems to view the honest services provision of 18 U.S.C. § 1346 as interchangeable with all references to "scheme or artifice to defraud" in the fraud statute. Section 1346 however, only states that a "scheme or artifice to deprive another of the intangible right of honest services" is *included* in the definition "scheme or artifice to defraud." The honest services provision is therefore not the only way to commit a scheme or artifice to defraud. *Skilling* expressly applies only to the honest services provision, holding that in the context of honest services, only a bribe or kickback constitutes a "scheme or artifice to defraud." *Skilling,* 130 S.Ct. at 2930-31. This limitation is not extended to any other "scheme or artifice to defraud" criminalized by the fraud statutes.

*DeGuzman v. United States,* No. SA-10-CA-951-XR, No.SA-08-403(2)-XR, 2011 WL 777934, at *2 (W.D.Tex. Feb. 25, 2011). As in *DeGuzman*, *Skilling's* limitation on "honest services" fraud does not extend to the wire-fraud violation for which Dupre was convicted. *See generally Skilling,* 130 S.Ct. at 2926 ("unlike fraud in which the victim's loss of money or property supplied the defendant's gain with one the mirror image of the other, the honest-services theory targeted corruption that lacked similar symmetry. While the offender profited, the betrayed party suffered no deprivation of money or property; instead a third party, who had not been deceived, provided the enrichment")(citations omitted).